Richard BLACK, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 71 C 2312.

United States District Court,
N. D. Illinois, E. D.

April 18, 1972.

Richard Black, pro se.

James H. Alesia, Asst. U. S. Atty., for
respondent.

## MEMORANDUM OPINION

DECKER, District Judge.

This is a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 by Richard Black who is presently incarcerated at the Illinois State Penitentiary at Joliet, Illinois, where he is serving both the challenged sentence for robbery of a federally insured savings institution and concurrent state sentences for robbery and murder.

Specifically, he asserts four grounds which he maintains are errors of a constitutional magnitude. These are that (1) the Sixth Circuit Court of Appeals relied on "unqualified authority" in affirming his conviction for robbery, (2) he was compelled to be a witness against himself, (3) certain behavior on the part of federal prosecutors denied him a fair trial and a meaningful appeal, and (4) he was denied effective counsel during the prosecution of his appeal. Respondent has answered these assertions with a motion to dismiss to which petitioner has replied.

■ Petitioner first asserts that, in his view, the Sixth Circuit Court of Appeals affirmed his robbery conviction, in spite of his contentions regarding the alleged impropriety of certain pretrial identification procedures, because it relied on "unqualified authority". Specifically, he contends that the Sixth Circuit failed to ascertain whether the "totality of the circumstances" surrounding the identifications in question so tainted those identifications as to deny the petitioner due process of law. Not only is the petitioner mistaken in his view of the law governing pretrial identification procedures, see, the next paragraph, *infra*, but the opinion of the Sixth Circuit, United States v. Black, 412 F.2d 687, at 690 (6th Cir. 1969), cert. den., 396 U.S. 1018, 90 S.Ct. 583, 24 L.Ed.2d 509 (1970), makes it absolutely clear that it considered the "totality of the circumstances" test in arriving at its conclusion. Accordingly, that ground must fail.

■ Along the same line, petitioner argues that the identification procedures themselves, as opposed to the authority utilized by the Sixth Circuit, were so unfair as to deprive him of the rights guaranteed by the Fifth and Sixth Amendments. Having reviewed the petitioner's contentions and factual allegations in this regard in light of the recent cases of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), and in light of the Sixth Circuit's findings and reasoning in this regard, I find that the petitioner's contentions are meritless.

■ Petitioner next contends that government attorneys misled the trial court about the availability of certain grand jury testimony and misled the Court of Appeals with regard to the timing of the exclusion of several witnesses from the trial. In essence, petitioner reasons that the statements in question amount to the suppression of evidence and that they thereby deprived the petitioner of due process of law. I cannot agree.

First, it should be pointed out that the Sixth Circuit Court of Appeals duly considered and rejected both of these contentions. In addition, it is obvious that since the petition fails to allege the materiality of the evidence which was allegedly suppressed or misstated, then this ground must fail. McCabe v. North Carolina, 314 F.Supp. 917 (M.D.N.C. 1970). Further, it is plain that even if these assertions were to be proven true, petitioner would still not prevail because, in light of all of the other evidence presented at the trial of this cause, it is clear that the petitioner was guilty, and therefore, the foregoing would merely constitute harmless error. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), reh. den., 386 U.S. 987, 87 S.Ct. 1283, 18 L. Ed.2d 241 (1967), and Harrington v.

California, 395 U.S. 250. 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).

■ Finally, petitioner asserts that because his attorney did not object to a certain statement made by the government lawyers before the Court of Appeals, he was denied the effective assistance of counsel during the prosecution of that appeal. As it is plain that such an allegation, even if true, could not rise to the necessary allegation that counsel was so lacking in care, diligence and expertise as to deprive petitioner of the effective assistance of counsel, see, Lewis v. United States, 417 F.2d 644 (9th Cir. 1969), cert. den., 401 U.S. 917, 91 S.Ct. 899, 27 L.Ed.2d 819 (1971), and since the Court of Appeals specifically commended appointed counsel for the excellence of his brief and presentation, *Black supra*, 412 F.2d at 691, then it follows that this contention must fail.

Accordingly, the respondent's motion to dismiss is hereby granted, and this cause is hereby ordered dismissed.